MUNN v. MASONIC LIFE ASS'N OF WESTERN NEW YORK.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. INSURANCE—BENEFICIAL ASSOCIATION—FORFEITURE—REINSTATEMENT.
> Evidence in an action on a certificate of life insurance issued by a beneficial association *held* to show waiver of strict compliance with its rule for reinstatement and restoration to membership by acceptance of payment after forfeiture by failure to pay assessment when due.

2. LIMITATION OF ACTIONS—QUESTION FOR COURT.
> The defense of limitation is to be determined by the court; there being no disputed question of fact.
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 727.]

3. INSURANCE—LIMITATION IN CERTIFICATE.
> The limitation of six months after disallowance of claim, provided in the certificate of insurance for action thereon, commences only from the refusal to pay after the furnishing of proofs of loss, and not from the

time that insurer gave notice, before proofs of loss were made, that it would not pay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1993.]

Appeal from Trial Term, Erie County.

Action by Adella E. Munn against the Masonic Life Association of Western New York. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Harry D. Williams, for appellant.

Shire & Jellinek and Vernon Cole, for respondent.

WILLIAMS, J.  The judgment and order should be affirmed, with costs.

The action was brought to recover upon a certificate or policy of life insurance upon the life of Fred B. Munn, in which the plaintiff was named as beneficiary. The defenses relied upon at the trial were: (1) That the membership of assured had been forfeited and lapsed by a failure to pay an assessment made September 1, 1900, and due September 20, 1900, and he had not been restored. (2) That the action was not commenced within six months after the disallowance of plaintiff's claim by defendant.

First. The assessment of September 1, 1900, was not paid when due, September 20, 1900. The assessment of October 1, 1900, was not paid when due, October 20, 1900. The assessment of November 1, 1900, came due November 20, 1900, and on that day there was paid the sum of $2.50. The assessment of December 1, 1900, came due December 20, 1900, and the next day, December 21, 1900, $4.97 was paid, leaving the amount of one assessment due and unpaid. The assessment of January 1, 1901, came due January 20, 1901, and, though two assessments amounted to $4.98, yet the defendant claimed the amount was $5.30. This latter amount was paid by the assured's daughter January 28, 1901, and the assured died nine days later, February 6, 1901. The only forfeiture alleged was for the nonpayment of the September, 1900, assessment. It is claimed the assured was never thereafter restored to membership, and therefore the action could not be maintained. The plaintiff did not dispute the claim that by nonpayment of the September, 1900, assessment the assured's membership lapsed and was forfeited; but the contention was that he was restored to membership, prior to his death, by reason of defendant's having waived the forfeiture or being estopped from claiming such forfeiture. Whether such waiver or estoppel was established was the question litigated on the trial, and submitted to and determined by the jury. The by-laws required the secretary to report to the board of directors the names of all persons who had forfeited their membership by nonpayment of assessments, and provided that the board had power to restore such delinquent member upon his giving, personally or in writing, a satisfactory excuse for his default and paying all past assessments up to date, or by his making application and being admitted as a new mem-

ber. The assured became a member in March, 1886. Prior to his death he had paid up all assessments past due. During the years he was a member he forfeited his membership frequently by the nonpayment of assessments. Indeed, between September, 1892, and August, 1900, he was restored to membership, after such forfeiture, 31 times. The only requirement seems to have been the payment of all assessments past due and the signing of a so-called "health certificate." The secretary seems to have done this business without, so far as appears, the attention of the board being called to it. This was the custom as to all delinquent members, as the evidence shows. Apparently the assured supposed he paid all past-due assessments, and he signed the health certificate at that time. The defendant seems to have so considered it, also; otherwise, the health certificate would not have been taken. Thereafter, and in January, however, the defendant notified the assured that there was one assessment back in December, and another coming due January 20th, and these two payments were made by the assured and accepted and retained by the defendant. So that in fairness and justice the assured should be regarded as having been restored, and as being a member in good standing at his death.

The objections to this conclusion seem to be rather technical, and failed at the trial, and we have only to inquire whether any errors were committed by the trial court calling for the reversal of the judgment. The defendant did not allege default in the payment of any assessment, except the September, 1900, one. After that, and in November, one assessment was paid, and then in December two more were paid, and then the September, October, and November assessments were paid, if the payments were applied to those assessments. Only by applying them to the assessments of October, November, and December, would the assessment in question of September remain unpaid. Whether these payments should be applied in the one way or the other the court left as a question of fact for the jury. The jury found the payments covered the September assessment. That seems to be the only reasonable conclusion. The parties supposed all the assessments, to and including the one in December, were paid. They were mistaken. There certainly was no specific application of the moneys to the last three assessments in exclusion of the first assessment. In the absence of that, the application might well be made by the jury as it did. More than that, it would be unfair for the defendant to receive payment of the last three assessments, while the first remained unpaid, and the assured was not a member or entitled to be assessed at all after September 20th. As soon as the assured was notified of the mistake, the other assessment was paid, together with the January assessment, which had then come due. The defendant, however, says that the certificate of health did not accomplish its purpose, because the three, instead of four, assessments only were paid in December. It was intended to be effectual, and when subsequently the other assessment was paid, and the defendant received it, defendant waived strict compliance with its rule so far as the September assessment and default were concerned, and assured, as to that default, was restored to membership. I have not been able to find from the record any provision

for this health certificate in the by-laws or the action of the board of directors. The secretary merely testified it was a custom to restore a member in default on payment of past-due assessments and giving of the health certificate. There were a number of technical requests made to the court at the close of the main charge; but we think they were properly disposed of, and that no errors were committed as to this defense which require a reversal of the judgment.

Second. As to the defense involving the limitation of the right of action, the court was bound to dispose of it as a matter of law, inasmuch as there was no disputed question of fact for the jury to determine. It seems, before the proofs of loss were prepared or delivered to the defendant, there was some communication between the parties, and the defendant notified the plaintiff that it would not pay the insurance, and more than 6 months, the time limited, elapsed thereafter before the suit was commenced. The plaintiff could not well maintain the action, however, until she had made and delivered to defendant her proofs of loss and 90 days had elapsed. These proofs were made and delivered, the defendant refused to pay, and the action was brought within the 6 months from that rejection of this claim. We think the claim referred to in the certificate and policy was the claim made upon the proofs of loss, and that this action was not barred by the 6-months limitation.

Judgment and order affirmed, with costs. All concur.